THE NASHUA SAVINGS BANK, of Nashua, New Hampshire, a Corporation Organized Under the Laws of the State of New Hampshire, Plaintiff and Respondent, *v.* FRANK L. LOVEJOY, CARRIE E. LOVEJOY, and R. P. RUSSELL, Defendants; R. P. RUSSELL, Appellant.

1. **Defective Summons; Irregularity Waived.**

Defendants Carrie E. Lovejoy and R. P. Russell were non-residents, and service was attempted to be made on them by publishing the summons, and by mailing a copy of the summons to them with a copy of the complaint attached thereto. The summons, as published and mailed, was irregular in this: It omitted from its title the name of defendant Frank L. Lovejoy. Russell received the summons as published, by mail, and with it a copy of the original complaint on file, which embraced the names of all of the three defendants. Defendant Russell duly appeared by his attorneys, who served a written notice of appearance on the attorneys for the plaintiff, and demanded that a copy of plaintiff's complaint be served upon them. The notice of appearance on behalf of Russell was entitled, as was the summons which was published and mailed, *i. e.*, such notice omitted from the title of

the action the name of Frank L. Lovejoy as a defendant. In reponse to the notice of appearance served in behalf of the defendant Russell, the attorneys for plaintiff served upon Russell's attorney a true copy of the original complaint on file, properly entitled with the names of all three defendants in this action. Russell's attorneys retained the copy of the complaint, and did not move to correct the irregularity, nor to strike out the complaint for inconsistency with the summons as published. *Held*, that the defect was not jurisdictional. The irregularity was waived by omitting to take proper steps to correct the complaint or strike it out. Russell, having made default, and not having answered or demurred to the complaint, could not be then heard to object to the entry of judgment upon the ground that he had not been served with the summons, or appeared voluntarily in the action.

(Opinion Filed, June 3, 1890.)

*APPEAL* from district court, Cass county; Hon. WM. B. McConnell, Judge.

Messrs. Francis and Southard, for appellant, cited: Williad v. Massani, 1 Cow. 37; Blanchard v. Strait, 8 How. Pr. 85; Allen v. Allen, 14 How. Pr. 249; Van Wyck v. Hardy, 20 How. Pr. 222.

Messrs. Miller, Cleland & Cleland, for respondent, argued: That the court below had power to correct the defect in the summons and that if not corrected the irregularity did not invalidate the judgment, citing: Kirk v. Murphy, 67 Am. Dec. 640; Van Wyck v. Hardy, 39 How. Pr. 392; Witte v. Meyer, 11 Wis. 295; Gribbon v. Freel, 93 N. Y. 93; Jansen v. Mundt, 30 N. W. Rep. 53. Where summons and complaint are both served a variance between them is an irregularity that cannot be taken advantage of by defendant: City v. Bonesteel, 22 Wis. 252. Omission to insert in summons to non-resident the name of resident co-defendant does not render the summons void: Lewis v. Grace, 44 Ala. 307; Boardman v. Parrish, 56 id. 54; Bogue v. Prentis, 47 Mich. 124. If summons was not void defendant after having permitted judgment to be taken against him cannot set up the irregularity: Baker v. Thompson, 56 Ala. 164; Gould v. Casteel, 47 Mich. 604. Appearance on appeal is a waiver of defect in summons: Ruthe v. Green Bay, etc., Co. 37 Wis. 344; Handy v. Ins. Co. 37 Ohio St. 366.

WALLIN, J. In this action judgment was entered by default granting plaintiff certain equitable relief prayed for in the

complaint. All defendants were interested in the subject-matter of the action, and were necessary parties thereto. On December 27, 1888, personal service was had at Fargo, D. T., upon said defendant, Frank L. Lovejoy. The original complaint was filed with the clerk of the district court on January 29, 1889. It appearing by affidavit that defendants Carrie E. Lovejoy and R. P. Russell were non-residents, and that their address was Minneapolis, Minn., the district court, by its order on file and dated January 19, 1889, directed that service of the summons be made upon said non-resident defendants, by mail, and by publication of the summons in manner and form as prescribed by statute; whereupon a summons was published for the requisite period of time, and a copy of the summons as published with a copy of the original complaint annexed, was duly mailed to and received by defendant R. P. Russell. The summons as published, and as mailed to and received by Russell was properly entitled, except that the name of the defendant Frank L. Lovejoy was omitted therefrom. On April 13, 1889, the defendant R. P. Russell, by his said attorneys, appeared, and served a written notice of appearance on plaintiff's attorneys, in which they demanded that plaintiff serve upon them, at their office in Fargo, a copy of the complaint. The notice of appearance corresponded as to its title with the summons as published and mailed in this, that the title of such notice of appearance omitted the name of the defendant, Frank L. Lovejoy; but in all other respects such notice was entitled as was the complaint on file, and as was the summons personally served on Frank L. Lovejoy, and filed with the complaint. Subsequently, and on April 27, 1889, the plaintiff's attorneys served upon Messrs. Francis & Southard, as the attorneys of Russell, pursuant to their demand, a copy of the original complaint in this action, which copy, like the original, embraced the names of all the three defendants herein. The copy of the complaint served upon the attorneys of said Russell was retained by them, and was not returned to the plaintiff's attorneys, and no motion was ever made to amend or correct the title of the complaint or summons, and no motion was ever made to strike out the complaint for non-conformity with the summons.

After all defendants were in default for want of an answer or demurrer, the attorneys of plaintiff served due notice upon Russell's attorney that, upon June 10, 1889, at 10 A. M., they would apply to the district court for judgment in this action, as demanded in the complaint; and at the time stated in such notice the defendant Russell, by his said attorneys, (appearing specially for such purpose only,) appeared before the district court, and "moved the court to dismiss the application for judgment in the above entitled action in so far as said Russell may be affected, upon the ground and for the reason, that there has been no service of any summons in said action upon him, or appearance entered by him therein." This motion was denied by the district court, and judgment for plaintiff was entered against all the defendants herein. Russell alone appeals, and the denial of his said motion is the only error assigned in this court.

Counsel for Russell contend that the district court did not acquire jurisdiction of his person in this action, either by the service of a summons upon him or by his voluntary appearance in the action.    We think the position is untenable.  It is true that the summons, as advertised, and as received by Russell, erroneously omitted from the title of the action the name of defendant Frank L. Lovejoy, and it is also true that Russell's notice of appearance. as made by his attorneys, corresponded with respect to its title to the title of the action as appeared in the summons as published and mailed; but it is equally true that a copy of the original complaint, containing the names of all defendants in this action, was annexed to the summons mailed to and received by Russell, and after Russell's attorneys had served notice of appearance, and demanded the service of a copy of the complaint upon them, the plaintiff's attorneys, in due time, served on the attorneys of Russell another copy of the original complaint, entitled with the names of all three of the defendants.   By the service of a copy of the original complaint, made in response to Russell's demand that a copy of plaintiff's complaint be served upon his attorneys, Russell was informed by plaintiff that the plaintiff relied upon the complaint which was served on Russell's attorneys, as its complaint in the action in

which Russell had formerly appeared and demanded service of a copy of the complaint. It is quite true that the copy of the complaint as served was inconsistent with the summons as advertised, for the reason that it embraced the name of the defendant Frank L. Lovejoy, which name was omitted from the title of the summons as advertised, but in all other respects the two were identical as to title. This discrepancy doubtless presented a proper case for a motion, in Russell's behalf, to strike out the complaint for non-conformity with the summons, and such motion, if seasonably made, would have prevailed. Nevertheless, it would have been within the discretion of the trial court, upon the hearing of such a motion, to have given plaintiff leave, with or without terms, to amend the summons by adding the omitted name thereto. Such discretion would not be reviewable. But Russell's attorneys neglected to move in his behalf to correct the irregularities in the title of the action, and elected to retain the complaint, which was served as and for the plaintiff's complaint, in the action in which a copy of the complaint was demanded. The complaint as served on Russell's attorneys, set out a cause of action in favor of the plaintiff, and in which Russell was described as a co-defendant, and it moreover appeared, by the averments of the complaint, that Russell's interests were more or less involved in the relief demanded, and in the subject-matter of the action, in connection with the rights and interests of other parties to the action.

The complaint was not answered, or demurred to. On the contrary, Russell defaulted, and did not again appear except specially to object to the entry of judgment against him. We are of the opinion that Russell's retention of the copy of the complaint without objection, and without attempting to correct the same, operated to waive the irregularity in the title of the action, and that they were bound by the complaint as served. The point of appellant's contention is extremely technical, and one which does not go to the jurisdiction. Such objections are not favored by the courts. Courts are created for the purpose of enforcing and protecting rights, not for the purpose of seizing technical and immaterial defects to defeat them. An equitable judgment will not be set aside for mere irregularities not

affecting substantial rights.    The Code of Civil Procedure is decisive of the point involved.

Section 142 provides that "the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect." Section 145 provides: "The court shall, in every stage of action, disregard an error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." We think the case presented by this record clearly comes within the letter as well as within the spirit of the provisions of the sections of the Code above cited. The judgment must be affirmed, and it is so ordered. All concur.

A petition for a rehearing was denied on September 2, 1890.